OPINION OF THE COURT — by
Chief Justice TURNER.
The motion to amend the bill, in this case, has been made, after the decision of the court upon a demurrer, filed by the defendant, Minor, for the want of equity on the face of the bill, which demurrer was fully argued by counsel at fne bar.
Tne proposed amendment alleges that the promissory note in question was endorsed by Mrs. Chotard, after it was made, and after the passage of the act of 1822, on the subject of the negotiability of notes, &c, as the complainant is iuformad and believes; and also that, in the survey of the land in question, there was mistake as to quantity.
The law, on the subject of amendments in chancery cases, has been frequently discussed at the bar, during the present term, and in the case ofVertner and wife vs. Griffith’s administrators, a motion to amend the bill, by inserting a charge of fraud, was overruled, after- the cause had been set down for hearing, upon a plea to the bill, and demurrer thereto.
In the case of Miles vs. Fletcher and others, a motion to amend the bill after a deciee pronounced on the demurrer to the bill, was likewise overruled, and we concur in these decisions.
According to the English authorities, after a demurrer is set down and argued, the bill cannot be amended; 2 Maddock,page 288; 2 P. Williams, 300.
After witnesses are examined, the bill cannot be amended, unless the plaintiff withdraws his replication; ib. Maddoek.
After a cause is set down, unless in the case of an infant, an amendment is only permitted for the purpose of making parties; and no new charged can be introduced, or any material fact put in issue, which was not so in the cause before.
*514 The New York rules are very similar to the above. Aceording to these, if the defendant demurs to the bill, for want of parties, or other defect, which does dot go to the equity of the whole bill, the complainant may amend at any time before the demurrer is set down for argument, on payment of costs, and, in some other cases, before a decree allowing the demurrer; Blakes Ch. 211,212; and see our own rules, rule XIX in chancery.
Where a bill, on demurrer thereto, is dismissed for the want of equity, on the merits of the case as stated, leave to amend the bill will not be granted; and, as a general rule, in cases where amendments are allowable in the discretion of the court, the plaintiff must not only show the materiality of the proposed amendment, but also why the matter proposed to be introduced, as an amendment, was not before stated in -the bill. Apply these authorities to the present application.
The complainant has been regularly heard on the demurrer to his bilj for the want of equity, and has had the benefit of the opinion of the court upon it. He now wishes to amend, by inserting matters of substance in his bill, which he deems material to the maintenance of his suit. He does not show any reason for not having introduced these charges in his bill, originally. They were certainly as material then, and the facts of the case as familiar to him at that time, as at the present, for aught that appears to the court.
On referring to the deposition of George Dougherty, the umpire of the parties to the original contract, the surveyor who surveyed the land in the first and the second instance, who ascertained the quantity of acres in the Buffalo tract, and subsequently the deficiency, it is found that the question is not one of boundary, but of title. There appears, from his evidence, no mistake whatever. The Buffalo tract is the original, as granted by the Spanish government, but is found to conflict with that of the late B. Farrar. Hence, the question is, as we had all along supposed it, one of title and not of boundary.
We know not which holds the clear grant. That question is properly triable at law, and not in a court of chancery. But if it were not so, the present application comes too late, and must be overruled.